■ In the Matter of JESUS REVIVALS, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for exemption for sales and use taxes.

Petitioner is a not-for-profit corporation located in the City of Watertown, Jefferson County. Its primary purpose is "to promote, develop and establish a place of worship for Christians seeking to renew their faith in God, and to provide

guidance and direction to anyone seeking spiritual counsel and to provide a social forum for the mutual benefit of church members". Petitioner's board of directors consists of 4 members, Harold Rounds, Karen Rounds, Michael Henderson and Beryl Henderson. The terms of office of these directors expire only upon resignation or dissolution of the corporation, and they are the only voting members of the corporation. These same individuals are also, respectively, president, secretary-treasurer, vice-president and assistant secretary-treasurer. Harold Rounds is the minister and pastor of the church. Petitioner's financial support derives from tithes, based on 10% of the members' income, and other donations. Expenditures of funds may be approved "by any director and the treasurer of the corporation".

The Roundses work for petitioner a total of approximately 55 hours a week and receive no monetary compensation. Lawrence Hyde, the assistant pastor, works approximately 40 hours per week and receives weekly compensation of $100. The Hendersons have their own ministry in Texas, even though they remain members of petitioner's board. The Roundses own 2 cars, 1 of which, a 1979 Mercury, is used exclusively for church business. Petitioner, pursuant to its board resolution, has paid for the repair and maintenance of this vehicle.

Prior to its incorporation, petitioner operated as an association, with the Roundses and Michael Henderson as trustees. During this time, Harold Rounds and Michael Henderson obtained title, as trustees for the Jesus Revivals, to a parcel of land containing an old building. The purchase price was $15,000, $5,000 of which was donated by the Roundses. Approximately $30,000 was expended for renovation and the building now houses an auditorium used for church meetings on the ground floor and 2 apartments and a spare room on the second floor. One of the apartments is used by the Roundses and the other by Lawrence Hyde, both rent free. Since petitioner had no credit rating of its own, Harold Rounds used his own credit cards to purchase materials for the renovation. Petitioner's directors later resolved to make payments on these credit cards. During the period that the cards were used for petitioner's benefit, no personal charges were made. Although the building has separate electric meters for the church and the apartments, and a separate telephone line for church business, all bills contain the name of Harold Rounds, at the request of the electric company. Petitioner's directors

resolved that petitioner should pay "both the phone bill and light bill in the name of Harold R. Rounds".

In March 1982, petitioner filed an application with the Department of Taxation and Finance seeking exemption from State sales and compensating use taxes. The application was denied because the department's Audit Division determined, *inter alia,* that a portion of petitioner's net earnings inured to the benefit of Harold Rounds. Petitioner filed for review and redetermination with the Tax Appeals Bureau, and petitioner's application was denied because petitioner had "failed to show that it has not violated the prohibition against the inurement of net earnings to the benefit of individuals". Petitioner then commenced this CPLR article 78 proceeding, which has been transferred here for review.

Initially it must be noted that the judicial review sought by petitioner is limited by the substantial evidence test. Substantial evidence " 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " *(People ex rel. Vega v Smith,* 66 NY2d 130, 139, quoting *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). If supported by substantial evidence, respondent's determination must be confirmed.

Tax Law § 1116 (a) (4) exempts from sales and compensating use taxes corporations which, like petitioner, are "organized and operated exclusively for religious, charitable * * * or educational purposes", provided that no part of their net earnings inures to the benefit of private individuals. Whether petitioner's actions resulting in denial of exemption under Tax Law § 1116 (a) (4) constituted inurement to the benefit of private individuals is a question of fact and the determination made by respondent will not be disturbed when supported by substantial evidence. In construing the similarly worded Federal counterpart to the State statutory exemption (26 USC § 501 [c] [3]), it has been stated that "[p]rohibitive inurement is strongly suggested where an individual or small group is the principal contributor to an organization and the principal recipient of the distributions of the organization, and that individual or small group has exclusive control over the management of the organization's funds" *(Church of Eternal Life & Liberty v Commissioner of Internal Revenue,* 86 TC 916, 927).

Here, the Roundses are among the principal contributors to petitioner. In addition to donating $5,000 for the purchase of the property where petitioner is situated, Harold Rounds also donates 10% of his income in tithes. Although not receiving

monetary compensation as such, the Roundses are the principal beneficiaries of the distribution by petitioner. They receive housing compensation, their electric and phone bills are paid by petitioner, title to the 1979 Mercury remains in the name of Harold Rounds, and petitioner has paid for its maintenance and repairs in the amount of $1,191.03. Finally, the bylaws provide that disbursements from petitioner's funds can be made upon authorization by a director and the treasurer, giving the Roundses virtually exclusive control over the management of petitioner's funds. Substantial evidence, therefore, supports respondent's determination and it should be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.